

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-22-00340-CV
_____

IN THE INTEREST OF A.V., A CHILD

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2021-543,252, Honorable William Eichman II, Presiding

April 25, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

*Borromeo* strikes again. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 257 (Tex. 2022) (stating that "[i]If one appellate panel decides a case, and another panel of the same court differently resolves a materially indistinguishable question in contravention of a holding in the prior decision, the second panel has violated the foundational rule of *stare decisis*"). It, coupled with our earliest decision in *In re R.M.*, No. 07-12-00412-CV, 2012 Tex. App. LEXIS 10239 (Tex. App.—Amarillo Dec. 11, 2012, no pet.) (mem. op.), lead a majority of us to overrule the three issues before us and affirm the order of termination.

In *In re R.M.*, a panel of this court said that a "parent's use of narcotics and its effect on his or her ability to parent may qualify as an endangering course of conduct"

and 2) a "parent's illegal drug use can support termination for endangerment because it exposes the child to the possibility that the parent may be impaired or imprisoned." *Id.* at *9–10. Absent is reference to the causative link mentioned by the dissent and discussed in *In re L.C.L.*, 599 S.W.3d 79 (Tex. App.—Houston [14th Dist.] 2020, pet. denied). *See In re L.C.L.* 599 S.W.3d at 85–86 (concluding that "a reasonable factfinder could not have formed a firm belief or conviction that Mother violated Texas Family Code section 161.001(b)(1)(D) and (E) through drug use alone" and requiring proof of a causal connection between drug use and endangerment). In other words, our earliest precedent required no evidence illustrating that drug use somehow caused the child to be endangered. Proof of drug use alone sufficed. And, that precedent has yet to be changed by this court sitting en banc, the Supreme Court, or constitutional or legislative edict. *See Mitschke v. Borromeo*, 645 S.W.3d at 256–57 (stating that "three-judge panels must follow materially indistinguishable decisions of earlier panels of the same court unless a higher authority has superseded that prior decision" and such higher authority "includes a decision from the U.S. Supreme Court, [the Texas Supreme] Court, or the Court of Criminal Appeals; an en banc decision of the court of appeals itself; or an applicable legislative or constitutional provision"). Consequently, opinions issued by less than the entirety of justices on this court and seemingly applying the *In re L.C.L.* line of authority contravene *Borromeo*.[1]

Next, the record contains evidence that both parents engaged in continuing drug abuse involving methamphetamine and/or marijuana. Such also occurred while an older

---

[1] And, for those wondering why we engage in this diatribe, at least one panel of this court has issued an opinion favorably citing *In re L.C.L. See, e.g., In re A.A.*, 635 S.W.3d 430, 441, n.5 (Tex. App.—Amarillo 2021, pet. granted).

2

child actually lived in the home. That is ample basis for a factfinder to develop a firm conviction or belief that both parents engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangered the child's physical or emotional well-being. *See* TEX. FAM. CODE ANN. § 161.001(b)(E) (stating that parental rights may be terminated upon clear and convincing evidence that the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child"). Thus, in applying the relevant standards of review, *see, e.g.*, *In re J.F.C.*, 96 S.W.3d 256, 266–67 (Tex. 2002), we conclude that legally and factually sufficient evidence supports the trial court's affirmative finding of the § 161.001(b)(E) ground for termination.

Yet, that does not mean, *ipso facto*, that the order of termination must be affirmed. The requisite burden of proof also mandates that the State establish, by clear and convincing evidence, that the best interest of the child supports ending the parental relationship. *See In re C.H.*, 89 S.W.3d 17, 23 (Tex. 2002); *see also Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (listing factors to consider in assessing the child's best interest). With the *Holley* factors in mind, we perused the record evidence and found it far from conclusive one way or the other. Yet, the persistent drug use by the parents before and after the child's birth, their failure to complete all their services, drug use while another child lived at home, their failure to submit to all the periodic drug testing requested of them, the foster parents' interest in adopting the child, and the child advancing favorably outside the home of her biological parents constitute evidence upon which a factfinder could form a firm conviction and belief that termination favored the child's best interest. Implicit in our determination is recognition of the deference to be accorded the factfinder's weighing of the evidence and credibility determinations. *See In re C.R.*, No.

3

07-19-00009-CV, 2019 Tex. App. LEXIS 3082, at *7 (Tex. App.—Amarillo Apr. 16, 2019, pet. denied) (requiring such deference).

In short, issues one and two which implicate the legal and factual sufficiency of the evidence underlying the order of termination are overruled. From our reading of it, the viability of issue three depended upon sustaining either issue one or two. Having not done so, we overrule it, too. Yet, before we leave, one further matter merits comment. The biological parents were denied representation at the "final hearing" before the associate judge. As recently said in *In re M.H.*, No. 07-22-00349-CV, 2023 Tex. App. LEXIS 2110 (Tex. App.—Amarillo Mar. 30, 2023, no pet. h.) (mem. op.), "[g]iven the fundamental nature of the interests at stake, Texas laws afford indigent parents opposing state-initiated termination proceedings the right to appointed counsel." *Id.* at *4–5. Though a trial court may allow appointed counsel to withdraw, it has a duty to see that doing so will not result in foreseeable prejudice to the indigent parent. *Id.* at *7. Granting an oral motion to withdraw seconds into the hearing and without notice to the indigent parents at bar exposed them to foreseeable prejudice. Had the trial court conducting the de novo review not held such a thorough trial with counsel representing all involved, affirmance would have been less certain.

We affirm the order of termination.[2]

Brian Quinn
Chief Justice

Doss, J., concurring.
Yarbrough, J., dissenting.

---

[2] As with other decisions of the court, one may seek en banc review of this one. *See* TEX. R. APP. P. 49.5 (discussing en banc reconsideration).